IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW KITTS,
on behalf of himself and all
others similarly situated,

   Plaintiff,

v.                     No. 1:19-cv-0800 RB-KK

CASHCO, INC.; BUDGET PAYDAY
LOANS, LMITED PARTNERSHIP; and
HITEX, LLC,

   Defendants.

## MEMORANDUM OPINION AND ORDER
## AND ORDER FOR EXPEDITED DISCOVERY
## AND SUPPLEMENTAL BRIEFING

Matthew Kitts filed a purported class action in New Mexico's Second Judicial District Court in March 2016, alleging that Cashco specializes in offering high-interest, short-term installment loans at 521% APR, which is unconscionable under New Mexico law. Mr. Kitts filed an amended complaint on July 24, 2017, and added Budget Payday Loans (BPL) and HiTex, LLC as defendants. The class, which has been certified as to Cashco and BPL, is comprised of Defendants' customers who took out loans in a specified time period. Neither of Mr. Kitts's complaints state a specific monetary demand.

On August 6, 2018, Cashco and BPL filed Chapter 7 petitions in the United States Bankruptcy Court for the District of New Mexico. Two weeks later, Cashco removed the entire state lawsuit to the bankruptcy court as an adversary proceeding. In February and April 2019, Mr. Kitts filed Proofs of Claim in both bankruptcy cases, claiming $4,591,080 in the Cashco case and $3,287,466 in the BPL case. On July 31, 2019, the bankruptcy court exercised its discretion to

permissively abstain from hearing the adversary proceeding and remanded it to state court. Within 30 days of the remand order, HiTex removed the case to this Court. Mr. Kitts now contends that this case should be remanded because the lawsuit is not removable under 28 U.S.C. § 1332(d)(4), because HiTex waited too long to remove the lawsuit, and because HiTex waived its right to removal by filing a motion to dismiss for lack of personal jurisdiction in state court. The Court will: (1) grant the motion to remand in part; (2) reserve ruling on the remainder of the motion; and (3) order expedited discovery and supplemental briefing on the issue of class member citizenship.

## I. Factual and Procedural Background[1]

Mr. Kitts lives and works in Bernalillo County, New Mexico. (FAC ¶¶ 1, 5.) In 2010, Mr. Kitts's family experienced financial hardship, and he took out a series of high-interest, short term loans to help pay bills. (*Id.* ¶¶ 7–9.) Falling behind on his payments, he took out additional short term loans to help pay down the previous ones. (*Id.* ¶¶ 10–11.) "On September 18, 2013, Mr. Kitts took out his first loan with the enterprise operated jointly by Cashco, [BPL,] and HiTex." (*Id.* ¶ 12.) Cashco is a New Mexico corporation and BPL is a New Mexico limited partnership. (*Id.* ¶¶ 2–3.) Both Defendants operate stores in Albuquerque, New Mexico that specialize in high-interest, short-term loans at 521% APR. (*Id.*) HiTex is a Nevada corporation that manages and controls the operations of the two New Mexico Defendants. (*See id.* ¶¶ 4, 18–19.) The Defendants' enterprise "has extended thousands of installment loans at 521[%] APR to New Mexicans" since March 23, 2012. (*Id.* ¶ 23.) Mr. Kitts asserts that these loans, which were offered on a take-it-or-leave-it basis, were unconscionable and in violation of New Mexico law. (*See id.* ¶¶ 25–27.)

---

[1] The facts in this section are taken from Plaintiff's First Amended Class Action Complaint for Damages, Declaratory and Injunctive Relief (Doc. 1-A at 9–17 ("FAC")) and the exhibits attached to the Notice of Removal (Docs. 1-A–1-F). The Court accepts the allegations in the First Amended Complaint as true and recites them in a light most favorable to Plaintiff.

Mr. Kitts filed his class action lawsuit against Cashco in state court on March 23, 2016. (Doc. 1-A at 1.) *See also Kitts v. Cashco Inc.*, D-202-CV-2016-01851 ("State Case"), Compl. (N.M. 2d Jud. Dist. Ct. Mar. 23, 2016). He filed a First Amended Complaint on July 24, 2017, and added BPL and HiTex as defendants. (Doc. 1-A at 9.) *See also* State Case, First Am. Compl. (July 24, 2017). The state court certified the class as to Cashco on January 12, 2018. *Id.*, Order on Class Certification (Jan. 12, 2018).

On August 9, 2017, HiTex moved the state court to dismiss the First Amended Complaint against it for lack of personal jurisdiction. *Id.*, Mot. to Dismiss (Aug. 9, 2017). The state court initially granted the motion to dismiss, but it later reversed its decision and reinstated HiTex as a defendant after Mr. Kitts uncovered evidence of contacts between HiTex and New Mexico that were not disclosed at the court's previous hearing on the motion to dismiss and also demonstrated that Defendants had manufactured false evidence on an unrelated issue. *See id.*, Order on Mot. to Dismiss (Feb. 14, 2018); Order on Mot. for Sanctions ¶¶ 11–27 (May 9, 2018); Order on Mot. to Reconsider, at *2–3 (May 10, 2018). The state court directed the parties to conduct limited discovery on the question of jurisdiction and set an August 7, 2018 hearing on the issue. *Id.*, Order on Mot. to Reconsider at 3. Before that hearing took place, however, Cashco and BPL filed for bankruptcy in the United States Bankruptcy Court, District of New Mexico. *See In re Budget Payday Loans*, No. 18-11967-t7 (Bankr. D.N.M.); *In re Cashco, Inc.*, No. 18-11968-j7, (Bankr. D.N.M.). On August 23, 2018, Cashco removed the entire state court action to the bankruptcy court as an adversary proceeding.[2] *Kitts v. Cashco, Inc.*, AP No. 18-1055-j (Bankr. D.N.M.) ("Adversary Proceeding").

---

[2] Minutes after Cashco removed the state court action, BPL also removed the action as an adversary proceeding to the bankruptcy court. *Kitts v. Budget Payday Loans*, AP No. 18-1056-j, Order Dismissing Adversary Proceeding, at *2

On March 6, 2019, the bankruptcy court entered a stipulated order certifying the class as to BPL. *See* Adversary Proceeding, Stipulated Order on Class Certification (Mar. 6, 2019). Mr. Kitts moved the bankruptcy court to remand the adversary proceeding to the state court on September 21, 2018. *Id.*, Mr. Kitt's [sic] Opposed Mot. for Remand & Abstention (Sept. 21, 2018). The bankruptcy court granted the motion to remand on July 31, 2019, and remanded the adversary proceeding to the state court. *Id.*, Mem. Op. (July 31, 2019). HiTex removed the state court lawsuit to this Court on August 30, 2019. (Doc. 1.) HiTex asserts that the Court has jurisdiction over this class action pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). (Doc. 1 ¶ 12.) Mr. Kitts now moves to remand the case to state court. (Doc. 12.)

**II.     Analysis**

Mr. Kitts argues that remand is necessary because: (1) more than two-thirds of the class members are citizens of New Mexico, and the Court may not exercise jurisdiction under CAFA's mandatory abstention exception found in 28 U.S.C. § 1332(d)(4); (2) HiTex waited too long to remove; and (3) HiTex waived its right to remove by filing a motion to dismiss in state court. (*See id.*) The Court will deny the motion with respect to Mr. Kitts's second and third arguments. Regarding the issue of jurisdiction under § 1332(d), the Court reserves ruling and orders expedited discovery and supplemental briefing on the citizenship of the class members.

    **A.     HiTex's removal was timely.**

Mr. Kitts argues that HiTex's removal was untimely. (Doc. 12 at 4.) Under the federal removal statute,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise,

---

(Bankr. D.N.M. Sept. 27, 2018). The bankruptcy court later dismissed BPL's adversary proceeding because Cashco had removed the case first and "[t]he Second Notice of Removal . . . had no effect." *Id.*

4

> of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The Tenth Circuit broadly interprets the phrase "other paper" "to include state-court filings and discovery." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016) (citations omitted).

Mr. Kitts asserts that removal was ascertainable on July 28, 2017—the day HiTex was served with the amended complaint. (Doc. 12 at 4.) But HiTex points out that neither the original nor the First Amended Complaint specified the damages the class is seeking. (*See* Doc. 23 at 3–4; *see also* Doc. 1-A.) Mr. Kitts does not dispute this contention but argues that HiTex's own records established that class damages would exceed $5,000,000. (Doc. 12 at 4 (citations omitted).) He argues that because HiTex possessed these records, it had notice of the possible damages and its 2019 removal of this lawsuit was, therefore, untimely. (*Id.*) Mr. Kitts cites no law in support of his argument, nor could he.

The Tenth Circuit "has been very strict in assessing whether the grounds for removal are ascertainable. [It] require[s] a specific allegation that damages exceed the federal jurisdictional amount . . . ." *Paros*, 835 F.3d at 1269 & n.4 (applying this concept to class actions removed under CAFA). HiTex asserts that it did not receive notice of damages until Mr. Kitts filed Proofs of Claim in the bankruptcy proceeding on February 14 and April 29, 2019. (*See* Docs. 1-D; 1-E.) The Court agrees that HiTex was not required to search its own records to determine the requested damages, *see Paros*, 835 F.3d at 1269, and Mr. Kitts does not offer any other document to show that he gave a specific allegation of damages prior to February 14, 2019. (*See* Docs. 12; 25.) February 14, 2019, then, represents the earliest date that HiTex had notice that the case was removable. Mr. Kitts does not argue that HiTex should have moved to transfer the case from the

5

bankruptcy court to this Court pursuant to 28 U.S.C. § 157. Nor does he argue that HiTex was procedurally able to remove the action to this Court before July 31, 2019, the date the bankruptcy court remanded the adversary proceeding to state court. Because HiTex removed the case within 30 days of that date, it appears that removal was timely, and the Court will deny the motion to remand on this basis.

### B. HiTex did not waive its right to remove by filing a motion to dismiss on the basis of personal jurisdiction.

Next, Mr. Kitts argues that HiTex manifested an intent to litigate in state court by filing a motion to dismiss and thus waived its right to remove this lawsuit. (Doc. 12 at 4–5.) He contends that this conclusion is compelled by the Tenth Circuit's decision in *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089 (10th Cir. 2017), *cert. denied sub nom.*, 138 S. Ct. 983 (2018). There, the Tenth Circuit noted that while a defendant may "file an answer in state court without waiving removal, *see* Fed. R. Civ. P. 81(c)(2), . . . Soto waived removal by also filing a motion to dismiss in state court." *Id.* at 1098. By submitting a motion "*on the merits*" of the case in the state court, Soto "indicat[ed] a willingness to litigate in that tribunal . . . ." *Id.* (quotation omitted) (emphasis added). Here, however, HiTex's motion to dismiss was premised on a lack of personal jurisdiction—it was not a motion on the merits of the case. (*See* Doc. 23-1.) Accordingly, the Court will deny the motion to remand on this basis.

### C. The Court orders expedited discovery and supplemental briefing on the issue of class member citizenship.

To establish jurisdiction under CAFA, the removing defendant must demonstrate that the amount in controversy exceeds $5,000,000, exclusive of interests and costs; that minimal diversity exists (i.e., between at least one plaintiff and one defendant); and that the proposed class includes at least 100 members. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B); *see also Dutcher v. Matheson*, 840

F.3d 1183, 1189 (10th Cir. 2016). While HiTex's Notice of Removal does not specifically allege each of these factors, the parties' briefing makes clear that these requirements are met. Moreover, Mr. Kitts does not dispute that the requirements are met in this case. (*See* Doc. 12.) Rather, he argues, and has the burden to establish, "that jurisdiction is improper because one of CAFA's jurisdictional exceptions is applicable." *Dutcher*, 840 F.3d at 1190 (citation omitted).

Mr. Kitts contends that remand is required under § 1332(d)(4), the "local controversy" exception to CAFA jurisdiction. (*See* Doc. 12 at 2–3.) *See also Dutcher*, 840 F.3d at 1190. This exception operates as a mandatory abstention doctrine. *See id.*

> [It] provides that a federal court "shall decline" jurisdiction where: (1) more than two-thirds of the class members are citizens of the state where the action is filed; (2) plaintiffs seek "significant relief" from at least one local defendant who is a citizen of the state and whose alleged conduct forms a "significant basis" for the claims asserted; (3) the "principal injuries" were incurred in the state; and (4) no other class action "has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" in the three years prior. 28 U.S.C. § 1332(d)(4)(A).

*Id.* at 1190–91.

Defendants contend only that Mr. Kitts has not established the first prong—that more than two-thirds of the class members are New Mexico citizens. (*See* Docs. 23 at 4–5; 24 at 2–3.) To establish citizenship, Mr. Kitts contends that of the 2,176 class members who took out loans from Cashco, "only four have addresses other than New Mexico addresses"; and of the 1,558 class members who took out loans from BPL, "only three have addresses other than New Mexico addresses." (Doc. 12-A ¶¶ 7–8.) The parties spill some ink quibbling over how many class members still reside at these addresses[3] (*see* Docs. 23 at 5; 24 at 3; 25 at 1–3), but the Tenth Circuit

---

[3] The parties refer to a "Notice of Undeliverable Addresses" in the Cashco bankruptcy case. (*See* Doc. 24-1 (Notice of Undeliverable Addresses related to the *Cashco* bankruptcy proceeding).) There, the bankruptcy court granted the Trustee's motion to remove undeliverable addresses from the mailing matrix. (*See id.*) In the attached exhibit, 782 (or 37%) of the 2,106 listed addresses were returned as undeliverable. (*See id.*) The parties did not provide information

7

has explicitly found that proof of *residency* demonstrated by mailing addresses is insufficient to establish proof of *citizenship*. *See Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016); *see also Nichols v. Chesapeake Op., LLC*, 718 F. App'x 736, 740–41 (10th Cir. 2018).

In *Reece*, the plaintiffs filed a putative class action against several companies and "defined the class as consisting of all citizens and/or residents and/or property owners whose injuries occurred within LeFlore County." 638 F. App'x at 758–59, 768 (quotation marks and citation omitted). The defendant companies removed the case under CAFA, and the plaintiffs moved to remand under CAFA's local controversy exception. *Id.* at 759. The district court denied the motion to remand on the basis that "Plaintiffs' inclusion of residents and property owners in the class created considerable uncertainty regarding the satisfaction of the citizenship criterion . . . ." *Id.* at 768. The court found that the plaintiffs had failed to offer substantive evidence of citizenship and "reasoned that [t]he difficulty in assuming citizenship based on residence or property ownership becomes significantly greater here because the proposed class is not limited in time, but rather embraces people who lived in, or owned property in, the class area within the last twenty years." *Id.* (quotation marks and citation omitted).

"A pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question." *Id.* at 769 (quoting *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 881–82 (9th Cir. 2013); citing *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) (considering a putative class limited to Oklahoma citizens)). The Cashco class is defined as:

> [(1) A]ll persons who obtained an installment loan from Cashco, from the store nominally operated by Cashco, for which the APR was or exceeded 521 percent;
> (2) for which the person paid back in excess of the principal plus 15 percent APR;

---

on whether there is a similar document related to the BPL proceeding, nor could the Court find one on the bankruptcy court docket.

and (3) for which the loan was obtained on or after four years prior to the filing of
this Complaint through the date of class certification.

State Case, Order on Class Certification as to Cashco, Inc. ¶ 44 (Jan. 12, 2018).[4] Thus, the class here is not limited to New Mexico citizens. The same was true in *Reece*. 638 F. App'x at 769. Because the *Reece* class definition contained persons who were residents and/or property owners, the plaintiffs had to establish by a preponderance of the evidence that the requisite number of members of these groups were *also* citizens. *See id.*; *see also Nichols*, 718 F. App'x at 739 (clarifying the preponderance of the evidence standard).

"[A] person is a citizen of a state if the person is domiciled in that state." *Reece*, 638 F. App'x at 769 (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)). "'[A] person acquires domicile in a state when the person resides there *and* intends to remain there indefinitely,' which is established by the 'totality of the circumstances.'" *Id.* (quoting *Middleton*, 749 F.3d at 1200–01). Here, Mr. Kitts contends that the list of mailing addresses provides sufficient proof of citizenship. But a mailing address, without more, is only proof of residence. "To be sure, 'the place of residence is *prima facie* the domicile.'" *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). "But 'allegations of mere *residence* may not be equated with *citizenship*.'" *Id.* (quoting *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) (internal quotation marks omitted) (emphasis added)). In fact, one can reside or own property in one state and be domiciled in another. *Id.* (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165–66 (11th Cir. 2006)).

---

[4] "On March 6, 2019, [the bankruptcy c]ourt entered a stipulated order certifying the class as to claims against [BPL]." *See* Adversary Proceeding, Mem. Op., at *3 (July 31, 2019). The class definition is virtually identical to that quoted above, save for the substitution of BPL in place of Cashco where appropriate. *See id.*, Stipulated Order on Class Certification, at *4 (Mar. 6, 2019).

9

In *Reece*, the plaintiffs attempted to establish citizenship by offering an exhibit that demonstrated over two-thirds of the class members owned property and resided in the county. *Id.* at 771. The district court found, and the Tenth Circuit affirmed, that residency and property ownership were not enough to establish residence. *Id.* Similarly, Mr. Kitts's list of mailing addresses is insufficient to show citizenship.[5] Therefore, he fails to demonstrate that the local controversy exception applies.

Alternatively, Mr. Kitts argues for the first time in his reply brief that the Court should decline to exercise its jurisdiction under the discretionary "interest-of-justice" exception found in § 1332(d)(3). (*See also* Doc. 25 at 3–6.) But that exception also has a citizenship requirement. *See* § 1332(d)(3) (noting that a court may decline jurisdiction if, in relevant part, "greater than one-third but less than two-thirds of the [class] members . . . are citizens of the State"). Moreover, Mr. Kitts did not raise this argument in his motion, and Defendants did not have an opportunity to respond to it. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000) (citing Tenth Circuit's "general rule that we do not consider issues raised for the first time in a reply brief").

### Order for Expedited Discovery and Supplemental Briefing

As discussed above, the parties missed the boat on the citizenship question. Because of the nature of the claims, it seems that Mr. Kitts *could have* proven citizenship, if he had focused on the correct criteria. Because this case was filed and litigated fairly extensively in state court, this Court is reticent to exercise jurisdiction under CAFA if mandatory or discretionary exemption

---

[5] Mr. Kitts cites to *Hollinger v. Home State Mutual Insurance Co.*, 654 F.3d 564 (5th Cir. 2011), in support of his argument that a mailing list is sufficient to show citizenship. (*See* Doc. 25 at 3.) But *Hollinger* is inapposite. There, the plaintiffs produced evidence to show that class members insured motor vehicles that were located (and "likely garaged at the residence of the owner") in the state, and evidence that the insurers "write auto insurance only for vehicles located in" the state. *See* 654 F.3d at 573 (citation omitted). These facts are distinguishable from the situation here.

applies. For these reasons, the Court will order expedited discovery and supplemental briefing on the issue of class member citizenship.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, (2016) (collecting cases where district courts exercised inherent authority in a variety of circumstances). This includes "the inherent and legitimate authority . . . to issue process and other binding orders, including orders of discovery . . . , as necessary for the court to determine and rule upon its own jurisdiction . . . ." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988) (citation omitted). The Court finds that justice and equity demand that the parties be given an opportunity to conduct expedited discovery to determine the citizenship of the class members. Therefore, the Court will exercise its inherent authority to manage its docket in the interest of justice and with a view toward the efficient resolution of this class action by ordering discovery and supplemental briefing on this discrete issue.

Mr. Kitts shall have approximately three months to develop and execute a method to query class members (in both the Cashco and BPL classes) regarding their citizenship. This limited discovery on citizenship should be completed no later than July 17, 2020. No later than July 17, 2020, Mr. Kitts shall file a supplemental brief (no more than 15 pages) on the issue of whether he has met his burden to show that the Court should decline to exercise its jurisdiction under either of the exceptions in §§ 1332(d)(3) or (4). Defendants shall file response briefs (no more than 15 pages) no later than July 31, 2020. Mr. Kitts may file a reply brief (no more than 10 pages) no later than August 7, 2020.

Should Mr. Kitts decline to conduct such discovery, he may withdraw his motion to remand on this issue at any time before July 17, 2020, and the case will move forward in this Court.

11

Finally, because the issue of citizenship was not as clear-cut as Mr. Kitts believed, his request for attorney fees and sanctions (Doc. 12 at 5–6) is **denied**.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Remand (Doc. 11) is **DENIED IN PART**. The Court finds that HiTex neither waived its right to remove nor untimely removed the action to this Court. Further, Mr. Kitts's request for attorney fees and sanctions is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **RESERVES RULING** on the remaining portion of the Motion to Remand (Doc. 11) and orders **EXPEDITED DISCOVERY** and **SUPPLEMENTAL BRIEFING** regarding the question of citizenship as described herein.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE